Slip Op. 16-15

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES**,<br><br>              Plaintiff,<br><br>              v.<br><br>**LINCOLN GENERAL INSURANCE COMPANY**,<br><br>              Defendant. | Before: Timothy C. Stanceu, Chief Judge<br><br>Court Nos. 13-00084, 13-00085,<br>13-00086, 13-00087, 13-00088,<br>13-00089, 13-00090, 13-00091,<br>and 13-00092 |

## OPINION AND ORDER

[Ordering stay of litigation in nine actions following liquidation of defendant by order of the Commonwealth Court of Pennsylvania]

Dated: February 18, 2016

    *Beverly Farrell*, Civil Division, U.S. Department of Justice, of New York, NY, argued for plaintiff United States. With her on the brief were *Amy Rubin*, Assistant Director, and *Benjamin Mizer*, Principal Deputy Assistant Attorney General. Of counsel on the brief were *Edward Maurer* and *Michael Heydrich*, Office of Assistant Chief Counsel, U.S. Customs and Border Protection.

    *T. Randolph Ferguson*, Sandler Travis & Rosenberg, P.A., of San Francisco, CA, and *Frederick L. Ikenson*, Blank Rome LLP, of Washington DC, for defendant Lincoln General Insurance Co. (In Liquidation). With them on the brief was *Kierstan L. Carlson*, Blank Rome LLP, of Washington DC.

    **Stanceu, Chief Judge:** Plaintiff United States initiated the nine above-captioned actions to recover from defendant Lincoln General Insurance Company ("Lincoln") supplemental antidumping duties and accrued interest claimed to be owing on various entries secured by customs bonds. The entries at issue, which were made between May 1, 2002 and October 31, 2002, covered imports into the United States of garlic from the People's Republic of China.

Before the court are plaintiff's motions to stay the above-captioned actions in light of the recent liquidation of Lincoln by order of the Commonwealth Court of Pennsylvania, issued November 5, 2015 ("Liquidation Order").  Pl.'s Mot. to Stay 1 (Nov. 11, 2015), ECF No. 66 ("Pl.'s Mot."); *see also*, *id.* at Attach. 1 (*IN RE: Lincoln General Insurance Company In Liquidation*, No. 1 LIN 2015) ("*Liquidation Order*").[1]  Defendant Lincoln General Insurance Company (In Liquidation), successor in interest to Lincoln General Insurance Company (collectively, "LGIC"), opposes the stays.[2]  Def.'s Resp. in Opp'n to Pl.'s Mot. to Stay (Nov. 16, 2015), ECF No. 67 ("Def.'s Opp'n").  For the reasons discussed herein, the court will grant plaintiff's motions to stay these cases.

Under the terms of the Liquidation Order, LGIC is to be liquidated pursuant to Article V of the Insurance Department Act of 1921 (the "Act"), 40 Pa. Stat. §§ 221.1–.63 (governing the liquidation of insolvent insurers under Pennsylvania law).  *Liquidation Order* 1.  Plaintiff points out that the Liquidation Order sets a deadline of July 6, 2016 for filing of proof of claims against LGIC's estate, adding that "[i]t will not be known until after all proofs of claims are received and evaluated whether the estate will be in any position to make good on the Government's claims . . . ."  Pl.'s Mot. 2; *see also Liquidation Order* ¶ 13; 40 Pa. Stat. §§ 221.37–.38.

Section 221.44 of the Act establishes the following classes of priority for claims against an insolvent insurer:

---

[1] Pursuant to the court's April 3, 2014 order granting plaintiff's consent motion for leave to file single, representative submissions for the nine above-captioned actions, all citations to the parties' court filings are to the docket for Court No. 13-00084.

[2] LGIC is under the control of Teresa D. Miller, Insurance Commissioner of the Commonwealth of Pennsylvania, in her official capacity as Liquidator of LGIC.  *Liquidation Order* 1.

>   (a) administrative claims; (b) claims under policies of insurance;
>   (c) claims of the federal government; (d) certain debts due employees;
>   (e) the claims of general creditors, including simple contract creditors;
>   (f) claims for unearned premium or premium refunds; (g) claims of local
>   and state governments; and (h) all other claims.

*Id.* § 221.44. Section 221.44 further provides that "[e]very claim in each class shall be paid in full or adequate funds retained for such payment before the members of the next class receive any payment." *Id.* In seeking the stays, plaintiff submits that LGIC's estate may be partially or entirely depleted of funds before reaching plaintiff's creditor class. Plaintiff argues, further, that continuing litigation of the nine pending actions at this time could further diminish the estate's limited assets, increasing the likelihood that plaintiff would be unable to collect on successful claims, and that denying the requested stays could encumber both parties with unnecessary litigation costs.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("*Landis*"). The decision of when and how to stay a proceeding rests "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). In making this decision, the court is to "weigh competing interests," including those of judicial economy and efficiency, "and maintain an even balance." *Landis*, 299 U.S. at 257. Where a stay might damage another party, the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at 255.

Judicial economy and efficiency favor a stay of proceedings in the above-captioned actions. According to the parties, the appointed liquidator of LGIC's estate advised LGIC's

counsel in writing that she would like to proceed with these actions.  Pl.'s Mot. 1; Def's Opp'n 7.  The reasons the liquidator wishes to continue litigation are not stated in the letter to LGIC's counsel.  *See* Def. Lincoln Gen. Insurance Co.'s Post-Oral Argument Br. on Jurisdiction, Ex. 2, Appx. B (Nov. 9, 2015), ECF No. 62 (liquidator's November 9, 2015 letter).

       A stay of the above-captioned actions pending the receipt and evaluation of submissions in the statutory proof of claim process may avoid the needless adjudication of claims in the pending cases.  As plaintiff points out, some or all of these claims could be rendered moot by creditor priority provisions and the limited assets of LGIC's estate.

       In opposing plaintiff's motions, defendant argues that proceeding to litigate these cases at this time "will not pointlessly deplete the assets of LGIC's estate" because it "will aid the Liquidator in determining the amount of assets available for distribution," Def.'s Opp'n 10, as well as "LGIC's liability to the United States," *id*. at 8.  Defendant, however, does not state why the requested stays would be prejudicial to it, and the court has no basis upon which to conclude that any such prejudice would occur.  The court concludes that the benefits to judicial economy and efficiency occasioned by the requested stays outweigh any benefits that would result from continuing to litigate these actions in the short term.  *See* USCIT R. 1.  Accordingly, the court is granting plaintiff's motions.

       The court concludes, further, that prompt reporting by the parties concerning the status of the proof of claim process is appropriate so that the court may review the need for any continuation of the stays.  For this reason, the court is ordering the parties to file a status report on or before August 31, 2016.

# **ORDER**

Upon consideration of plaintiff's motions to stay, defendant's response in opposition, and all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's motions to stay be, and hereby are, granted; it is further

**ORDERED** that the nine above-captioned actions are stayed; and it is further

**ORDERED** that the parties shall provide the court with a status report concerning the proof of claim process pertaining to Lincoln General Insurance Company (In Liquidation) and any related issues on or before August 31, 2016.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated: February 18, 2016
       New York, New York